Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

# SEALED BY ORDER OF THE COURT
## United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 7 2006

at 3 o'clock and 30 min. P M
SUE BEITIA, CLERK

U.S.A. vs. PAUL GEORGE GALIGO, JR., aka "PJ"     Docket No. CR 05-00290DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of PAUL GEORGE GALIGO, JR. who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 27th day of April 2006, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. Defendant shall participate and comply with a substance abuse treatment, which includes drug and alcohol testing in a program approved by the Probation Office. Defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. Defendant shall execute all financial disclosure forms and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. Defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:



SEALED BY ORDER OF THE COURT

1. On 6/30/2006, 8/29/2006, 10/2/2006, 10/6/2006, and 10/23/2006, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1.

2. On 9/12/2006, the subject engaged in conduct constituting a State of Hawaii crime, to wit, Driving Without a License, in violation of Hawaii Revised Statute § 286-102, a petty misdemeanor offense, and in violation of the General Condition.

3. On or about 8/21/2006 through 9/12/2006, the subject failed to notify the Probation Officer ten (10) days prior to any change in residence, in violation of Standard Condition No. 6.

4. From on or about 9/30/2006 through 10/26/2006, the subject failed to follow instructions of the Probation Officer, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/6/2006

J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 6th day of November, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:   **GALIGO, JR., Paul George, aka "PJ"**
      Criminal No. CR 05-00290DAE-01
      REVOCATION OF SUPERVISED RELEASE

### STATEMENT OF FACTS

On 4/27/2006, after having been convicted of Unlawful User of a Controlled Substance in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), the subject was sentenced to time served, to be followed by a three-year term of supervised release. On the same date, a probation officer reviewed all of the conditions imposed by the Court with the subject, who acknowledged understanding all of the conditions and agreed to abide by them. The subject commenced his term of supervision on 4/27/2006.

**Violation No. 1 - Refusal to Comply With Drug Testing:** On 5/25/2006, the subject was referred to the federal drug aftercare program at A.C.C.E.S.S. Capabilities, Inc. (ACCESS). On the same date, the drug testing instructions were reviewed with the subject, and he was specifically instructed to inform this officer "prior to the end of the testing hours" if he were unable to report for drug testing. The drug testing hours are from 7:00 a.m. to 8:30 a.m. and from 4:00 p.m. to 5:00 p.m. each day. It should be noted that the staff of ACCESS is often able to accommodate offenders who can only report for drug testing outside the regular drug testing times.

On 6/30/2006, the subject failed to report to ACCESS for drug testing. The notification from ACCESS indicated that the subject had contacted the drug testing site at 7:58 a.m. to inform them that he would be reporting for drug testing in the afternoon, as he had to go to Hilo in the morning for a "family emergency." However, the subject never reported for drug testing in the afternoon. On 7/3/2006, this officer contacted the subject's aunt and inquired about a family emergency. The aunt stated that she was not aware of any recent family emergency. When questioned further by this officer about the family emergency, the subject was unable to provide any details that would excuse his failure to report for drug testing.

On 8/29/2006, the subject failed to report to ACCESS for drug testing. ACCESS later informed this officer that the subject had called once again, stating that he would report for drug testing in the afternoon but had never appeared. When questioned by this officer, the subject explained that he had been unable to find a ride to drug testing, but he could not explain the reason for his failure to contact this probation officer before the end of drug testing.

Re:     **GALIGO, JR., Paul George, aka "PJ"**
**Criminal No. CR 05-00290DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**


On 9/12/2006, this officer met with the subject at ACCESS and reminded him that he could not be excused from failing to report for drug testing, if he did not contact this officer prior to the end of drug testing hours. The subject stated that he had been afraid to call this officer and that he did not want to be revoked. This officer explained that the Probation Office was willing to consider any legitimate explanation and to excuse the subject for failing to report for drug testing. However, it was made clear that the subject would have to contact this officer prior to the end of drug testing in order to be considered for a legitimate excuse. The subject agreed to contact this officer as required and even pointed out that he would be able to contact this officer two (2) hours before the end of drug testing (i.e., 3:00 p.m.), as he should know by that time if he had a ride to the drug testing site.

On 10/2/2006, the subject failed to report to ACCESS for drug testing. This officer received a message from the subject at 7:32 p.m., relating that the subject had missed the drug test. The subject then provided a convoluted explanation, initially stating that his family was not assisting him and did not care if he was taken back to prison, then adding that he was working late for the entire week. Given the prior instructions to the subject, the failure to report for drug testing was not excused.

On 10/5/2006, this officer met with the subject at his residence and administered an unannounced drug test, which was negative for any illicit substance. During this meeting, this officer stressed the importance of drug testing as a component of the federal drug aftercare program and added that it would be meaningless for the subject to participate in any such program without submitting to random drug tests to ensure that he has not relapsed. The subject was then presented with three (3) alternatives: (1) that he move to Kona in order to be closer to the treatment program at ACCESS; (2) that he move to Hilo in order to be closer to the treatment Program at Drug Addiction Services of Hawaii in Hilo; or (3) that he move to Oahu and agree to placement at the federal half-way house in order to place him in treatment with a Oahu treatment provider and to give him access to the public transportation system. The subject chose to remain with the program at ACCESS and agreed to make every effort to report to all drug tests and to comply with the existing notification requirements if he were unable to make any drug tests. He also agreed to look for employment in Kona in order to place him closer to the drug testing site.

On 10/6/2006, the subject failed to report to ACCESS for drug testing. This officer did not receive any calls from the subject. When questioned by this officer, the subject explained that he thought that this officer's drug test on 10/5/2006 eliminated the need to report for drug testing on 10/6/2006. It should be noted that when the drug

Re:   GALIGO, JR., Paul George, aka "PJ"
      Criminal No. CR 05-00290DAE-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

testing instructions were reviewed with the subject on 5/25/2006, the subject was specifically informed that "drug testing may occur on consecutive days."

On 10/23/2006, the subject failed to report to ACCESS for drug testing. This officer received a message from the subject at 5:21 p.m., relating that the subject had missed the drug test because he had been unable to find a ride. Given the prior instructions to the subject, the failure to report for drug testing was not excused.

The drug testing protocol was explained to the subject at the commencement of his supervision term. He acknowledged that he fully understood the requirements of drug testing. Given that the subject was oriented to the drug testing protocol and submitted to drug testing at ACCESS on previous occasions, his failure to submit to drug testing on the above-referenced dates constitutes a refusal to comply with drug testing.

**Violation No. 2 - Engaging in Conduct Constituting a New State of Hawaii Criminal Offense:** On 9/12/2006, this officer observed the subject operating a motor vehicle as he drove into the parking lot of ACCESS to report for drug testing. When questioned, the subject admitted that he did not have a valid driver's license and claimed that he only drove because he had no other mechanism to transport him to ACCESS for drug testing and counseling. The subject was reprimanded and was told that he was prohibited from engaging in illegal behavior, even if he was doing so in an effort to comply with supervision conditions.

**Violation No. 3 - Failure to Notify Probation Officer Ten (10) Days Prior to Any Change in Residence:** At the commencement of the subject's supervision term on 4/27/2006, the subject identified his father's house as his chosen residence. On 8/21/2006, during an unannounced home inspection at the subject's reported residence, this officer spoke with the subject's father, who indicated that the subject only stays at the residence "once in a while." The father reported that the subject sometimes spends the night at his girlfriend's house. On the same date, this officer was able to locate the home of the subject's girlfriend, who confirmed that the subject had spent the last two (2) nights at her place.

Re: **GALIGO, JR., Paul George, aka "PJ"**
Criminal No. CR 05-00290DAE-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 4

On 9/12/2006, this officer met with the subject at ACCESS and discussed his change of residence. The subject explained that he had been involved in a disagreement with his father and had moved out of the father's home. He added that he has been splitting his time between the home of a friend and the home of his girlfriend. This officer reprimanded the subject and reminded him that he was required to keep this officer apprized of his whereabouts. He then indicated that he would be staying at his girlfriend's house from now on, and this officer verified this representation with his girlfriend.

**Violation No. 4 - Failure to Follow Instructions of the Probation Officer:** On 4/29/2006, the subject asked this officer about accepting employment on a cash-pay basis. This officer told the subject that he was prohibited from working on a cash-pay basis, as this officer would have no way of verifying the source of the subject's income and the subject would have no record of the amount of pay he received for tax-reporting purposes. However, this officer would permit him to work via check payment, as long as he was able to provide this officer with copies of the issued checks. In addition, the subject was told that if he chose to perform work on a non-payroll basis, he would be required to obtain a General Excise Tax Number (GETN) in order to file appropriate general excise tax papers, as he would then be considered a self-employed independent contractor.

On 9/12/2006, the subject informed this officer that he was working for a masonry company on a cash-pay basis, despite this officer's previous instructions. The subject was once again instructed to obtain a GETN by the end of the month, in order to pay appropriate taxes on his income.

On 10/4/2006, this officer contacted the subject by telephone at approximately 6:05 a.m. The subject indicated that he would be working today but did not know the exact location of his work. He added that he had to report to work by 7:00 a.m. This officer then asked the subject if he would have access to a telephone at his worksite, and the subject indicated that he would. This officer instructed the subject to provide the exact location of his worksite once he arrived there, as this officer would attempt to visit the subject at his worksite. The subject never contacted this officer with that information. Indeed, the subject failed to contact this officer at all. At approximately 9:03 p.m., this officer initiated a call to the subject, who explained that cellular telephones did not receive any signal at the worksite. This officer scheduled a meeting with the subject on the following day.

Re:     **GALIGO, JR., Paul George, aka "PJ"**
        **Criminal No. CR 05-00290DAE-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 5**


On 10/5/2006, the subject admitted that he had failed to obtain a GETN as instructed, but indicated that his girlfriend would be picking up the necessary paperwork today. The subject was verbally reprimanded for failing to follow this officer's earlier instructions.

On 10/26/2006, the subject admitted that he had not obtained a GETN as instructed on several previous occasions. The subject explained that he now intended to secure a payroll position through Altres Staffing, a temporary employment placement agency.

Also, on 10/26/2006, the subject informed this officer that he was experiencing a variety of family crises, including a hanai grandmother's slipping into a coma and a sister's suffering through a stalking situation. He blamed his frequent failure to report for drug testing on these family matters and the stress that he was feeling. This officer pointed out that neither of these situations would render him incapable of contacting this officer as previously agreed. He then stated that he does not have access to a telephone that can make inter-island calls, with the exception of his girlfriend's cellular telephone. This officer then asked whether he was unable to use a payphone in order to comply with this officer's instructions and to abide by his own agreements with this officer. The subject initially stated that he had not thought about using a payphone, then complained about having to walk down the street to use the payphone.

Since commencing supervision on 4/27/2006, the subject has been unable to secure and maintain full-time employment and his sources of income have been difficult to verify. In addition, the subject's residential status has changed a number of times over the last six (6) months, without any notice to the Probation Office, indicating an instability and transience that is unacceptable. Moreover, the subject's failure to participate meaningfully in substance abuse treatment, including drug testing, prevents this officer from making any reliable assessment regarding the subject's sobriety or abstinence from illicit substance abuse. Finally, this officer has explored a number of different alternatives with the subject in order to secure his compliance with Court-ordered conditions, but the subject has rejected each alternative, either by his words or through his actions.

Re:  GALIGO, JR., Paul George, aka "PJ"
     Criminal No. CR 05-00290DAE-01
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 6**

     Consequently, the subject cannot be effectively supervised at this time. It is recommended that the subject be brought before the Court to show cause why supervision should not be revoked.

                                        Respectfully submitted by,

                                        J. MARTIN ROMUALDEZ
                                        U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/ct

Re:    **GALIGO, JR., Paul George, aka "PJ"**
**Criminal No. CR 05-00290DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 7**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant shall remain on the island of Oahu, at least until he successfully completes a substance abuse treatment program and up to the entire term of his supervised release, unless otherwise approved by the Probation Office. The defendant must demonstrate that he has a suitable residence and verifiable employment at any proposed destination outside the island of Oahu.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:   PAUL GEORGE GALIGO, JR., aka "PJ"          Docket No.  CR 05-00290DAE-01

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing 4/27/2006.

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

      The defendant shall not commit another federal, state, or local crime.

      That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

    (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

    (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Paul Galigo jr_    4/27/06
PAUL GEORGE GALIGO, JR., aka "PJ", Defendant    Date

_Sydney L. Fleming_    4/27/06
J. MARTIN ROMUALDEZ    Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   PAUL GEORGE GALIGO, JR., aka "PJ"
      Docket No. CR 05-00290DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(1)   The defendant shall participate and comply with substance abuse treatment, which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

(2)   The defendant shall execute all financial disclosure forms and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

(3)   The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____       4/27/06
PAUL GEORGE GALIGO, JR., aka "PJ", Defendant    Date

_____                 _____
MARTIN ROMUALDEZ                                Date
U.S. Probation Officer